UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC. *et al.*,

    Plaintiffs/Counter-Defendants,

v.

CREATIVE HARBOR, LLC,

    Defendant/Counter-Plaintiff.

_____/

Case No. 14-cv-11249
Hon. Matthew F. Leitman

**<u>ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS KELLY SERVICES, INC. AND KELLY PROPERTIES, LLC'S MOTION FOR VOLUNTARY DISMISSAL OF COUNT II OF PLAINTIFFS' COMPLAINT AND FOR ENTRY OF FINAL JUDGMENT AND AN AWARD OF COSTS (ECF #69) AND (2) DENYING CREATIVE HARBOR, LLC'S MOTION FOR ENTRY OF JUDGMENT (ECF #74)</u>**

This is a trademark dispute over priority in the "WORKWIRE" mark (the "Mark"). In a series of three prior rulings relating to the parties' cross-motions for summary judgment and to a motion for reconsideration, this Court resolved essentially all of the substantive issues underlying the dispute between the parties. (*See* ECF ## 62, 68, and 71.) As a result of the Court's prior rulings, Plaintiffs Kelly Services, Inc. and Kelly Properties, LLC (collectively, "Kelly") have priority

1

in the Mark based upon their use of the Mark in commerce prior to such use by Defendant Creative Harbor, LLC ("Creative Harbor").[1]

The sole claim remaining in the action at this time is Count II of Kelly's Complaint. Kelly has moved for voluntary dismissal of that claim without prejudice (ECF #69), and Creative Harbor has stated that it does not oppose dismissal (ECF #73). Accordingly, **IT IS HEREBY ORDERED** that Count II of Kelly's Complaint is **DISMISSED WITHOUT PREJUDICE.**

The parties have each proposed competing versions of the final judgment to be entered by the Court. The proposed judgments differ in terms of their content and with respect to whether Kelly should be awarded its costs as the prevailing party under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

Kelly's proposed judgment is straightforward. In its entirety, it states as follows:

1. Creative Harbor's trademark applications nos. 86198230 and 86198309 are invalid and void;

---

[1] Kelly initially claimed that it used the mark in commerce before Creative Harbor filed two Intent to Use ("ITU") applications with respect to the mark. The Court rejected that argument. Kelly's use of the mark that gives Kelly priority occurred shortly after Creative Harbor filed its ITU applications. But because the Court has voided Creative Harbor's ITU applications, Kelly's use of the mark in commerce (which preceded any use of the mark in commerce by Creative Harbor) gives Kelly priority in the mark.

2. Kelly possesses priority to the trademark WORKWIRE that is superior to Creative Harbor;

3. Creative Harbor has no valid or enforceable rights to the trademark WORKWIRE as against Kelly;

4. All of Creative Harbor's counterclaims against Kelly are dismissed, with prejudice, in their entirety; and

5. Kelly is awarded its costs.

(Kelly's Proposed Judgment, ECF #69 at 7, Pg. ID 1774.)

In contrast to Kelly's proposed judgment, Creative Harbor's proposed judgment contains several pages of "Findings and Conclusions," including citations to case law and a re-hashing of ground covered in the Court's three prior Opinions and Orders. (Creative Harbor's Proposed Judgment, ECF # 74 at 26, Pg. ID 1957-61.) Creative Harbor's proposed judgment then concludes with the following five lettered points:

a. Defendant Creative Harbor's statutory priority in its ITU trademark application Nos. 86198230 and 86198309 is void as a result of lack of bona fide intent as to 5 of 36 of its listed goods and services;

b. Kelly's use-based claim obtains priority to the WORKWIRE Mark as a result of Creative's ITU applications being deemed void;

    c. All of Creative's Counterclaims against Kelly are dismissed in their entirety;

    d. Kelly's Count 2 for Intentional Interference is voluntarily dismissed; and

    e. The parties are to bear their own costs.

(*Id.* at 6, Pg. ID 1961.)

The Court declines to include in the final judgment the "findings" proposed by Creative Harbor. Creative Harbor says that the judgment should include the "findings" to explain the factual basis for, and the reasoning behind, the Court's ultimate resolution of this dispute. (*See* Creative Harbor's Response, ECF #73 at 4-5, Pg. ID 1938-39.) But the basis of, and reasons supporting, the Court's decision are set forth in great detail in the Court's three prior Opinions and Orders. (*See* ECF ## 62, 68, and 71.) There is no need to repeat those items in the judgment.

Moreover, the authority cited by Creative Harbor does not support its request to include findings and legal analysis in the final judgment itself. Creative Harbor relies on Rule 52(a) of the Federal Rules of Civil Procedure, but that rule does not apply here. That rule requires a district court to make express factual findings and legal conclusions "[i]n an action tried on the facts without a jury" and/or when "granting or refusing an interlocutory injunction." There was no bench trial in this action, and the Court did not grant or deny an injunction.

Instead, the Court granted summary judgment under Rule 56, and Rule 52(a)(3) specifically provides that a district court "is not required to state findings or conclusions when ruling on a motion under . . . Rule 56." In any event, as noted above, the Court has *already* exhaustively set forth its analysis of the issues in dispute in its prior rulings, and the Court sees no basis to repeat findings or legal analysis in the final judgment.

However, the Court does agree with Creative Harbor that an award of costs to Kelly would be inappropriate here. Rule 54(d)(1) of the Federal Rules of Civil Procedure governs whether to award costs. In relevant part, the rule provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." While the rule "creates a presumption in favor of awarding costs," a district court retains discretion to deny costs. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). Several factors may "justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id*.

On balance, these factors weigh against an award of costs. Most importantly, the issue upon which the ultimate resolution of this case primarily turned – whether to void an ITU application where an applicant has an intent to use a mark on some, but not all, of the listed goods and services – was a very difficult issue of first impression. Creative Harbor litigated this difficult issue in good faith. And while Kelly generally litigated this action in good faith, it filed a motion to disqualify Creative Harbor's counsel (ECF #51) that, in the Court's view, needlessly multiplied the proceedings and added to Creative Harbor's costs.[2] Finally, while Kelly ultimately obtained the result it sought – a ruling of priority in the Mark – the Court rejected Kelly's primary argument as to why it had that priority. (*See* Opinion and Order, ECF #62 at 10-16, Pg. ID 1639-45 (rejecting Kelly's claim that it used the mark in commerce before Creative Harbor filed its ITU applications).) Thus, while Kelly is more properly deemed a prevailing party, the Court cannot ignore that Kelly did not prevail on its primary argument. These factors persuade the Court that even if the costs claimed by Kelly could be deemed reasonably necessary, an award of costs is not appropriate here.

---

[2] The motion sought to disqualify Creative Harbor's counsel under the so-called "advocate-witness" rule in MRPC 3.7(a). That rule provides that under certain circumstances a lawyer may not act as both an advocate and a witness "at a trial." Kelly sought to disqualify Creative Harbor's counsel from participating in the case long before trial. Moreover, while Creative Harbor's counsel did offer himself as an affiant, it was clear that his testimony was not essential and that the case for disqualifying him at any point was not strong.

Accordingly, for the reasons set forth above and in the Court's prior Opinion and Orders, **IT IS HEREBY ORDERED** that:

1. Kelly's motion for voluntary dismissal of Count II of the Complaint is **GRANTED** and that Count is **DISMISSED WITHOUT PREJUDICE**;

2. Kelly's motion for entry of final judgment and an award of costs is **GRANTED IN PART AND DENIED IN PART**;

3. Creative Harbor's motion for entry of judgment is **DENIED**; and

4. The Court will enter a final judgment declaring that:

    a. Creative Harbor's trademark applications nos. 86198230 and 86198309 are invalid and void;

    b. Kelly possesses priority to the trademark WORKWIRE that is superior to Creative Harbor;

    c. Creative Harbor has no valid or enforceable rights to the trademark WORKWIRE as against Kelly;

    d. All of Creative Harbor's counterclaims against Kelly are dismissed, with prejudice, in their entirety; and

    e. Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2016

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2016, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda  
                                                Case Manager  
                                                (313) 234-5113